**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| J.W., *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-0573 (RC) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY**

**I.  INTRODUCTION**

Plaintiffs,[1] M.W. and N.W., on behalf of their minor son, J.W., move to proceed

anonymously in this Individuals with Disabilities in Education Act ("IDEA") case. *See* Pls.' Mot.

Proceed Anonymously, ECF No. 2. Plaintiffs claim that the disclosure of their full names and

their address would indirectly impact their son's privacy interests because J.W.'s identity is

inherently linked to his parents' identities. *See* Pls.' Mem. P. & A. Supp. Mot. Proceed

Anonymously, ECF No. 2 [hereinafter Pls.' Mem. Supp.]. The District of Columbia agreed not to

oppose Plaintiffs' motion, but disagrees that permitting Plaintiffs to proceed anonymously is

legally supportable in this case. Def.'s Notice Clarif., ECF No. 8; *see* Def.'s Opp'n Pls.' Mot.

---

[1] The IDEA "convey[s] rights to parents as well as to children," and, here, M.W. and N.W. assert claims on behalf of both themselves and their minor son. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 528 (2007); *see id.* at 526 (holding that the IDEA "accord[s] parents independent, enforceable rights"). Nevertheless, for ease of reference, the Court will refer to M.W. and N.W. as "Plaintiffs," but to their son as J.W., in order to distinguish between the parties and the relative privacy interests at stake.

Proceed Anonymously, ECF No. 7 [hereinafter Def.'s Opp'n]. After weighing the competing

interests involved, the Court will grant Plaintiffs' motion to proceed anonymously.

## II.  FACTUAL BACKGROUND

Plaintiffs are the parents of J.W., a nine-year-old student as of March 2016. Compl. ¶ 6,

ECF No. 1. J.W. has been diagnosed with Autism Spectrum Disorder, but his parents allege that

he should also be diagnosed with Specific Learning Disorders in reading, math, and writing and

receive special education services consistent with that additional diagnosis. *Id.* ¶¶ 7, 28, 30. On

March 28, 2016, Plaintiffs filed a Complaint against the District alleging that the District of

Columbia Public Schools ("DCPS") failed to provide J.W. with the free and appropriate public

education ("FAPE") required by the IDEA. *Id.* ¶¶ 1, 132–35. A Hearing Officer denied all of the

relief Plaintiffs sought, and Plaintiffs therefore also challenge the Hearing Officer's

determination. *Id*. ¶¶ 1, 136–38.

At the same time that they filed their Complaint, Plaintiffs filed a motion to proceed

anonymously, requesting that all parties refer to them using only their initials (M.W. and N.W.),

and that all parties redact Plaintiffs' address in all filings and pleadings. *See* Pls.' Mem. Supp. ¶

9. In support of their motion, Plaintiffs claim that "[m]aintaining the confidentiality of this

information would be in the best interest of the student." *Id.* ¶ 6. Although Plaintiffs' motion

states that the District "indicated that it will not oppose this motion," *id*. ¶ 10, after the Court

issued a minute order on May 23, 2016 directing the District to state its position on the motion,

the District filed an opposition to Plaintiffs' motion to proceed anonymously, *see generally*

Def.'s Opp'n. In its opposition, the District claims that allowing Plaintiffs to proceed

anonymously "is not the appropriate decision in balancing the traditional interest of ensuring

public access to judicial documents with the minor student's interest in privacy." *Id.* at 1. The

District later clarified its position, explaining that, while the District agreed to not oppose

Plaintiffs' motion, it disagrees with Plaintiffs' legal analysis. Def.'s Notice Clarif. at 1.

### III.  ANALYSIS

### A.  Legal Standard

One of the defining characteristics of American judicial proceedings is the right of public

access. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the

courts of this country recognize a general right to inspect and copy public records and

documents, including judicial records and documents." (footnotes omitted)). In furtherance of

this public interest, the Federal Rules of Civil Procedure require that a complaint include the

names of all the parties, Fed. R. Civ. P. 10(a); *accord* D.D.C. Local Civ. R. 5.1(c)(1) (same), and

that all civil actions be "prosecuted in the name of the real party in interest," *see* Fed. R. Civ. P.

17. The presumption of public access may be overcome, however, "by an overriding interest

based on findings that closure is essential to preserve higher values and is narrowly tailored to

serve that interest." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C.

2008) (quoting *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998)).

Although the D.C. Circuit has not yet delineated a formal test for determining when a

party may proceed anonymously, courts in this district generally apply the five-factor test set

forth in *National Ass'n of Waterfront Employers v. Chao* when weighing the moving party's and

the public's competing interests. *See* 587 F. Supp. 2d at 99; *see also, e.g.*, *Doe v. Cabrera*, 307

F.R.D. 1, 5 (D.D.C. 2014); *Doe v. Von Eschenbach*, No. 06-2131, 2007 WL 1848013, at *2

(D.D.C. June 27, 2007); *accord James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (considering

the same factors). The five factors of the *Chao* test include:

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
(3) the ages of the persons whose privacy interests are sought to be protected;
(4) whether the action is against a governmental or private party; and
(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 99 (footnote omitted).

"[I]t is within the discretion of the district court" to analyze the particular circumstances in the case and to determine whether it is appropriate "to grant the 'rare dispensation' of anonymity against the world." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James*, 6 F.3d at 238); *see Nixon*, 435 U.S. at 598 ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). When assessing the relevant factors, a court should consider "the impact of the plaintiff's anonymity on the public interest in open proceedings and on fairness to the defendant" and weigh that impact against the moving party's privacy interest. *Chao*, 587 F. Supp. 2d at 99 (citing *Microsoft*, 56 F.3d at 1464); *see also Doe v. Teti*, No. 15-mc-01380, 2015 WL 6689862, at *1 (D.D.C. Oct. 19, 2015). The Court should consider whether and to what extent the plaintiff's request obstructs the public's access to the proceedings. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981). After all, "[t]he assurance of fairness preserved by the public presence at a trial is not lost when one party's cause is pursued under a fictitious name" because the "crucial interests served by open trials are not inevitably compromised"—nor is the case necessarily shielded in its entirety from public view—when a court allows a party to proceed anonymously. *Id.* (citation omitted).

### B.  Application

At the outset, the Court notes that the parties' conceptions of the relevant privacy interests at stake in this motion diverge significantly. Plaintiffs' motion focuses on the consequences that revelations of Plaintiffs' names and address would have for J.W.'s protected privacy interests. *See* Pls.' Mem. Supp. ¶¶ 2–7. By contrast, although the District acknowledges that permitting Plaintiffs to proceed anonymously has some connection to J.W.'s interests, the District focuses almost exclusively on the Plaintiffs' own privacy interests. *See* Def.'s Opp'n at 3–4. In the Court's view, however, J.W. and his parents' privacy interests are intractably intertwined. As other courts have recognized—in IDEA cases, no less—a parent's identity, "if disclosed, could jeopardize the child's confidentiality." *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at *3 (W.D.N.Y. Jan. 9, 2012). With that overarching consideration in mind, the Court proceeds to analyze the five factors set forth in *Chao*.

As to the first factor, Plaintiffs claim that the materials filed in this case will disclose confidential and personally identifiable information about their son. Pls.' Mem. Supp. ¶ 2. And, if the Plaintiffs' own identities can easily be discerned, so can their son's. *Id.* ¶ 4. Although the District contends that matters must approach the seriousness of rape in order to be considered sensitive and highly personal, *see* Def.'s Opp'n at 3 (citing *Cabrera*, 207 F.R.D. at 5–6), it cannot seriously be denied that courts regularly permit minors and adults to proceed anonymously in cases involving sensitive, personal issues like "marriage and illegitimacy," *Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981). In IDEA cases, in particular, courts have allowed both parents and children to proceed anonymously.  *See, e.g.*, *G.H. v. District of Columbia*, No. 12-1638, 2013 WL 5297203, at *1 n.1 (D.D.C. Aug. 16, 2013); *P.M.*, 2012 WL 42248, at *3; *C.B. v. Pittsford Cent. School Dist.*, No. 08-CV-6462, 2009 WL 2991564, at *4–5

5

(W.D.N.Y. Sept. 15, 2009). Indeed, while Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials, it cannot be gainsaid that this protection would be "eviscerated unless the parent was also permitted to proceed using initials." *C.B.*, 2009 WL 2991564, at *4 (quoting *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008)).[2] Accordingly, courts have concluded that parents may proceed anonymously in IDEA cases to "protect the family and child from further embarrassment and publicity regarding the child's disability.'" *Doe v. Alfred*, 906 F. Supp. 1092, 1093 n.1 (S.D.W. Va 1995).

The District counters by emphasizing the need for open access to judicial records. Def.'s Opp'n at 3. Yet, the District's argument fails to account for the realities of today's technological landscape. Prior to the availability of electronic court filings, "the practical reality was that one could learn of the existence of a lawsuit involving a particular individual only by the most time-consuming searches of records located in courthouses all over the country." *Doe v. City of New York*, 201 F.R.D. 100, 101 (S.D.N.Y. 2001). With the onset of electronic case filing, however, any person may learn of a particular individual's lawsuit through a simple computer search that permits access to the electronic docket sheet of nearly any case. *Id*. So, while a strong public interest remains in judicial proceedings, Plaintiffs' concerns are not "speculative and nonsensical," as the District contends. Def.'s Opp'n at 3. Instead, Plaintiffs raise a particularized

---

[2] The District repeatedly argues that Plaintiffs have waived J.W.'s protection under Rule 5.2(a) because Plaintiffs' complaint and amended complaint reveals J.W.'s full first name in one instance. *See* Def.'s Opp'n at 3; *see also* Compl. ¶ 19; Am. Compl. ¶ 19, ECF No. 2-2; Fed. R. Civ. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."). In the Court's estimation, it is clear that disclosure was a mere oversight. The Court will order Plaintiffs to submit a revised amended complaint, but will not otherwise entertain this argument.

concern that the public could easily learn J.W.'s identity if his parents' names or address were disclosed.

These concerns also suffice to demonstrate that Plaintiffs do not seek to proceed anonymously "merely to avoid the annoyance and criticism that may attend any litigation." 587 F. Supp. 2d at 99. Here, disclosure risks more than simple annoyance or criticism. Through the disclosure of Plaintiffs' full names and address, the public could easily uncover J.W.'s confidential education records, mental records, and personally identifiable information—information that is statutorily protected under the IDEA, the Family Educational Rights and Privacy Act ("FERPA"), and local regulations. *See generally* Compl. The IDEA requires that the federal government and state and local education agencies "ensure the protection of the confidentiality of any personally identifiable data, information, and records," 20 U.S.C. § 1417(c), which includes "[t]he name of the child, the child's parent, or other family member," "[t]he address of the child," and "[a] list of personal characteristics or other information that would make it possible to identify the child with reasonable certainty," 34 C.F.R. § 300.32; *see also* D.C. Mun. Regs. tit. 5, § 2603. Indeed, the Hearing Officer's determination at issue in this case—as is typical of IDEA due process hearing determinations in the District of Columbia— thoroughly obscured such personally identifiable information, including the Plaintiffs' names, J.W.'s schools, J.W.'s grade level, and J.W.'s age.[3] *See, e.g.*, A.R. at 5–6. Ultimately, the Court finds that the first factor weighs in Plaintiffs' favor.

---

[3] For example, the determination referred to witnesses simply as "Parent" or "Special Education Teacher," and to the schools involved as "Nonpublic School," "District School," and "City School." *See, e.g.*, A.R. at 5, 8. The determination also replaced J.W.'s age, grade level, and the parties' counsel, with terms such as: [AGE], [GRADE], and [PETITIONERS' COUNSEL A]. *See id.* at 4, 6. Presumably, such redactions are aimed at avoiding the type of indirect identification of the child sought by the parents here.

As to the second factor, Plaintiffs have not provided any evidence that a credible risk of retaliatory physical or mental harm exists either towards themselves or J.W. as a result of their filing of this lawsuit. There is also no indication that any innocent non-parties are at risk. As explained in *Chao*, in addition to permitting pseudonymous litigation in cases involving "matters of a highly sensitive and personal nature," anonymous litigation is also permissible where there is a "real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" 587 F. Supp. 2d at 99–100 (quoting *Doe v. Frank*, 951 F.2d 320, 322–23 (11th Cir. 1992)). Mere "embarrassment and harassment" is "insufficient to demonstrate" the sort of "retaliatory harm" necessary to satisfy this showing. *Yacovelli v. Moeser*, No. 1:02CV596, 2004 WL 1144183, at *7 (M.D.N.C. May 20, 2004). Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage or violent threats are anticipated if a party's identity is disclosed. *See, e.g.*, *Plaintiff B v. Francis*, 631 F.3d 1310, 1318 (11th Cir. 2011) (allowing the plaintiff to proceed anonymously in light of expert testimony regarding the psychological repercussions of the case); *Stegall*, 653 F.2d at 186 (allowing a family to proceed anonymously in light of violent threats and serious social ostracization). This case does not appear to pose a risk of harm rising to that level of seriousness. As the District notes, there is no alleged threat of harm towards J.W, Def.'s Opp'n at 4, and Plaintiffs have not provided any evidence of such harm, aside from their conclusory statement that J.W. will suffer emotional harm if his connection to this case is disclosed. Nevertheless, the Court places less weight on this factor, because Plaintiffs have already satisfied the first factor and shown that this case involves "a matter of a sensitive and highly personal nature." *Chao*, 587 F. Supp. 2d at 99.

The third factor considers the ages of the parties who seeks to protect their privacy interests. The District opposes Plaintiffs' motion because J.W.'s parents are over the age of majority and, therefore, have more limited privacy interests. Def.'s Opp'n at 4; *see Cabrera*, 307 F.R.D. at ("Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym."). Nevertheless, as already explained, J.W. and his parents share common privacy interests due to their intractably linked relationship. Thus, the Court assesses this factor with reference to both Plaintiffs' and J.W.'s ages. Viewed in that way, the Court agrees with Plaintiffs that "the release of the parents' full names and addresses could permit the public to easily learn the student's identi[ty]," despite the use of J.W.'s initials. Pls.' Mem. Supp. ¶ 4. In this case, although the motion seeks to maintain the anonymity of the adult Plaintiffs, the person who will be most affected by the lack of anonymity, J.W., is a minor. Accordingly, the third factor favors anonymity.

*Chao*'s fourth factor asks whether the defendant is a governmental or private party. *See* 587 F. Supp. 2d at 99. Courts have concluded that anonymous litigation is more acceptable when the defendant is a governmental body because government defendants "do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." *Cabrera*, 307 F.R.D. at 8 (internal quotation marks and citation omitted). The District concedes that this factor weighs in Plaintiffs' favor. *See* Def.'s Opp'n at 4.

Finally, under the fifth factor, the Court finds that allowing Plaintiffs to proceed anonymously poses no risk of unfairness to the District. A typical reason courts cite when finding that proceeding anonymously would pose unfairness for a defendant is that the defendant may not know the identity of the person bringing the charges. *See Microsoft Corp.*, 56 F.3d at 1464. In those circumstances, it is unfair to permit the plaintiff to proceed anonymously because,

"if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). Courts are also wary of permitting anonymous litigation where doing so would pose discovery or other practical litigation obstacles for defendants. *Compare Campbell v. U.S. Dep't of Agric.*, 515 F. Supp. 1239, 1245 (D.D.C. 1981) ("[C]oncealment of plaintiff's true identity deprives [defendants] of their right[] to know against whom they are litigating, to determine whether the anonymous allegations are based on fact, to gather contrary evidence, and to determine who is precluded from relitigating issues decided in their favor."), *with Plaintiff B*, 631 F.3d at 1318–19 ("Defendants [were] aware of the Plaintiffs' identities and thus [were] not barred from conducting a full range of discovery in building a defense for trial."). In this case, however, the District faces no such unfairness. The District knows Plaintiffs' identities and therefore can fully litigate this case. Indeed, the District concedes that "all of the student's educational providers know of this lawsuit and the student's name." Def.'s Opp'n at 4.

The only potential burden the District identifies is the "added burden of redacting the parents' information from the administrative record and the associated risk" that it might "overlook a parent's name or other information in the administrative record." Def.'s Opp'n at 4–5. But J.W.'s identity must already be obscured anyway. *See* Fed. R. Civ. P. 5.2(a)(3); D.D.C. Local Civ. R 5.4(f)(2) ("If the involvement of a minor child must be mentioned, only the initials of that child should be used."). Because the District must maintain a high level of care in avoiding disclosure of J.W.'s name, the Court finds that the District will suffer, at most, only a marginally greater burden in similarly redacting Plaintiffs' address and substituting Plaintiffs' initials for their full names.  To accommodate that burden, however, the Court's order will require the Plaintiffs to identify all uses of Plaintiffs' names and address in the administrative

10

record and propose to the District appropriate redactions that will adequately protect the information.

The decision to allow a plaintiff to proceed anonymously requires a balancing of the moving party's privacy interest against the customary and constitutionally-embedded presumption of openness in judicial proceedings. Although these lofty factors frame the issue, the outcome of this particular motion turns on the potential disclosure of J.W.'s identity and private, statutorily protected information regarding his disability. The District claims that public access to these judicial records—including public access to Plaintiffs' names and address—will best ensure that the District is held accountable to the public and the District's taxpayers. *See* Def.'s Opp'n at 3. In the Court's view, however, the filings in this case and the Court's ultimate public explanation of its merits determination will adequately allow the public to understand the Court's determination and hold the District accountable for its compliance, or failure to comply, with the IDEA—regardless of whether the public can identify the parents of the particular student at issue in this case.  Thus, allowing Plaintiffs to proceed anonymously will have only a limited "impact . . . on the public interest in open proceedings." *Chao*, 587 F. Supp. 2d at 99.

After assessing each of the *Chao* factors, the Court finds that permitting Plaintiffs to proceed using only their initials is warranted in this case, and that the right of public access is outweighed by Plaintiffs' "overriding interest" in protecting J.W.'s identity and avoiding unnecessary publicity concerning his disability. *Id.* at 98.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed Anonymously (ECF No. 2) is

**GRANTED**. An order consistent with this Memorandum Opinion is separately and

contemporaneously issued.

Dated:  August 31, 2016                                        RUDOLPH CONTRERAS
                                                               United States District Judge